**VAOTUUA FAMILY by Vaotuua of Leone, Plaintiff**

v.

**PULETELE of Leone, Defendant**

No. 20-1954

High Court of American Samoa

Civil Jurisdiction, Trial Division

January 20, 1955

ARTHUR A. MORROW, *Chief Judge;* APE, *Associate Judge;* and MAILO, *Temporary Associate Judge.*

OPINION AND ORDER

Heard at Fagatogo on December 15 and 16, 1954 before MORROW, *Chief Judge, Associate Judge* Ape, and *Temporary Associate Judge* MAILO.

Atofau, counsel for Vaotuua Family.

S. R. S. Tago, counsel for Puletele.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Tapoti Vaotuua, the matai of the Vaotuua Family of Leone, acting for himself and the Family, filed a petition for an order to evict Puletele from certain land of the Vaotuua Family near Leone.

In 1916 and 1917 when Puletele was about 12 years old, her mother married Vaotuua Tapili. He died in 1946. The present Vaotuua succeeded Tapili as the holder of the Vaotuua title. Puletele, upon the marriage of her mother to Tapili, went to live with Tapili and her mother on Vaotuua land and continued to do so until she was about 19 years of age when she married Lau. After his marriage to her mother Tapili treated Puletele as his daughter and considered her a member of the Family. Upon her marriage to Lau, Tapili Vaotuua assigned Puletele certain Vaotuua land upon which to have a house and plantations for the use of herself, her husband Lau, and their children. This is the same land from which Tapoti is seeking to evict Puletele in this proceeding. She and Lau

146

have had 12 children, 9 of whom are living. She testified that all of them were born on the land in question.

 The plaintiff claims that Puletele is not a member of the Vaotuua Family and that she should be evicted for that reason. The fact of the matter is that in the case of *Fega v. Eveni*, No. 83-1948 (High Court of American Samoa), Fega, who is the present Tapoti Vaotuua, testified under oath that she was a member of the Vaotuua Family. And he admitted on the witness stand in this case that he had so testified. We think that his testimony in that case was correct. He was seeking the matai title Vaotuua in that case and Puletele signed his petition as a member of the Family. Puletele has lived in the Vaotuua Family ever since her mother married Tapili about 40 years ago. In answer to a question by the Court in this case Tapoti Vaotuua testified "As I have stated, it's the Samoan customs all those who live in the family they are recognized as a family member and she also signed her name freely." The reference to Puletele's signing her name freely is to her signature on Tapoti's (Fega's) petition which he filed with the Court in the matai name case in which he got the title. We are convinced from the evidence, including the testimony of Vaotuua himself, that under Samoan customs Puletele is a member of the Vaotuua Family, although not a blood member. Under Samoan customs she has a status in the family somewhat similar to that of a "married person to the family" who is living in the family.

Another complaint of the present Vaotuua against Puletele is that she sued some members of the Vaotuua Family including himself in the district court at Iliili for entering her plantations and destroying her crops. No doubt she had the right to maintain the suit because the court rendered judgment in her favor. There is nothing wrong about enforcing one's legal rights in a court of law. A per-

son has the right to resort to the courts for the vindication of his rights.

Another complaint against Puletele is that she does not render service to the present Vaotuua. She testified that for a month or two after he got the title in 1948 she did render service and that then there occurred differences between her and the matai.

■ At this point it should be stated that under Samoan customs a member of the family living on family land, as Puletele was, is obligated to render service to the matai. But the matai is likewise obligated to perform the duties of a matai properly. The matai has duties as well as rights and one of his duties is to protect the members of his family against wrongdoing by other members of the family. When the other members of the family including Vaotuua himself destroyed Puletele's plantations on family land, Vaotuua failed in his duty as a matai. A matai who does not perform his duties as such can hardly expect service from family members. Good matais are entitled to service. We think that Vaotuua failed to fulfill his obligations with respect to giving Puletele the protection which she as a member of the family was entitled. And the judgments of the district court in the cases at Iliili are silent witnesses to that effect.

It is the duty of the matai to make every effort to get the members of his family to live together in peace and harmony. In the *Fega v. Eveni* case, *supra*, the present Vaotuua was asked on the issue of the value of the holder of the title to the Government of American Samoa why he thought he would make a good matai and he answered "I am sure that I can bring my family together and make up again. . . ." In other words, by his very testimony in that case Vaotuua admitted that a good matai should get his family to live together in peace and harmony. But he has failed to do this. The plaintiff's other complaints against

Puletele are of a trivial nature and, even if true, are matters which a good matai can readily correct.

While Puletele may have done some things which displeased her matai and possibly some indiscreet things by giving him too much advice, as the evidence shows, nevertheless, her conduct does not warrant her eviction from family lands previously assigned to her.

■ Vaotuua complains that Puletele is not rendering service and yet at the very same time in response to the question "Now, if she offer to serve you, will you accept the service?" he answered, "No." It is very obvious that if the matai will not accept service, the family member cannot render service. At the trial Vaotuua displayed an attitude of animosity toward Puletele. In response to the question by Puletele's counsel Tago "If you as matai is a good matai of the Vaotuua family can settle this disagree between you and a member of your Vaotuua family who is Puletele and have her render service to you as her matai, will you be kind to her and have the family live in peace and harmony again?" he answered "I will never admit her." It is our conclusion from the evidence that Vaotuua has made up his mind without good cause to drive Puletele out of the family and off family land, if he can, and not to accept service from her. His own counsel asked him this question "Vaotuua, isn't it a fact the reason why you brought Puletele before this court is because she didn't render the satisfactory service to you?" Vaotuua answered, "Yes." How can Vaotuua complain of Puletele's not rendering service when at the very same time if she should offer to render service he would not accept it?

■ A matai should treat his family members with kindness. He should not display an attitude of animosity toward them. The good matai is kind to his family members, not cruel to them. While we think from the evidence that

Puletele has not been completely free from fault in that she has been too liberal with advice to the matai, nevertheless, we think Tapoti Vaotuua as a good matai should advise her with respect to this minor matter and not have an attitude of animosity toward her. In contrast with his attitude toward her is her attitude toward him. In response to the question "Puletele, can you after this case apologize to your matai if there is anything between you and the matai which both do not agree? Can you apologize to your matai and then render service to him?" she answered "I can by going over and see Vaotuua here and apologize to him and straighten up the difficulties between him and I and render service to him."

Under Samoan customs a matai has very much the same relationship to the members of his family that a father has to his children. A matai frequently refers to his family members as "my children" and considers it his duty to look after their welfare.

In view of the fact that Puletele is a member of the Vaotuua Family in accordance with Samoan customs, as the Vaotuua has testified, and the further fact that she has been assigned Vaotuua land by the former holder of the title on which to live and bring up her family, this Court finds no ground for ordering her eviction from the land at this time.

Since Vaotuua cannot complain of Puletele's not serving him as long as he is unwilling to accept service, and he testified that he was, it is ORDERED that if he desires to do so, Vaotuua may file with the Clerk of the High Court a statement to the effect that he is willing to accept service in accordance with Samoan customs from Puletele and the Clerk will then notify Puletele of such filing. At that time it will become her duty to begin rendering service to her matai in accordance with Samoan customs.

It is ORDERED and ADJUDGED that the petition of the plaintiff be and it is hereby DENIED.

Costs in the sum of $37.50 are hereby assessed against Tapoti Vaotuua, the same to be paid within 60 days.